In the Matter of ANGELO ROSSI, Petitioner, against JOHN F. O'CONNELL et al., Constituting the New York State Liquor Authority, Respondents.

Supreme Court, Special Term, New York County, March 14, 1950.

*Melvin Howard Osterman* and *Frank I. Tashker* for petitioner.

*Alvin McKinley Sylvester* and *Charles W. Chattaway* for respondents.

HOFSTADTER, J. The petitioner seeks an order to annul a determination of the State Liquor Authority which disapproved his application for a restaurant liquor license and to direct the authority to issue a license to him.

The petitioner, now sixty-six years old, came to the United States from Italy in 1906 and in 1914 became a naturalized citizen. From 1914 until the advent of prohibition in 1919 he was the owner and licensee of a bar in this city and during the period of this operation had no clash with the authorities. There is no claim that he is not a decent, law-abiding citizen.

He visited his mother country in 1936 and because of World War II was unable to return to the United States until 1946. The record before the authority shows that while in Italy he

was a partisan, working with the Italian underground and won commendation for his service to the allied cause. For a time following his return he was employed as a bartender. In April, 1947, he became a part owner of a hotel and restaurant at 34 Adee Street, Port Chester, N. Y., the restaurant for which he is now seeking a liquor license. Of his initial investment of $2,570 to acquire his interest, he had borrowed $1,500 from a niece in December, 1946. In June, 1947, a third partner joined the venture, but in October, 1947, the petitioner bought out the interests of his two associates and has since been conducting the restaurant as sole proprietor. Each of the partners sustained a loss when he sold out to the petitioner. They withdrew, according to the petitioner's uncontradicted statement, because the business did not yield enough income to support three partners. The orderliness of the establishment under the petitioner's operation has been attested by the village mayor and chief of police, as well as by neighbors.

The application which resulted in the disapproval sought to be reviewed here was filed with the Westchester County Alcoholic Beverage Control Board in November, 1949. The local board approved the application and forwarded it to the authority for final action. The application was recommended for approval by the deputy commissioner before whom a hearing had been held, and also by the deputy commissioner in charge of the license division of the authority. On January 10, 1950, the authority disapproved the application and sent the petitioner a notice of disapproval, which stated the reasons for the action taken. After the institution of this proceeding the authority, in accordance with a recent decision of the Appellate Division (*Matter of Mullins & Sons, Inc.*, v. *O'Connell*, 276 App. Div. 902), and with the court's permission filed an amended notice of disapproval in which it amplified its former reasons. We are here concerned with this amended notice on which the respondent rests.

The petitioner urges that the amended notice of disapproval is in part a complete departure from rather than an amplification of the original notice. In his brief he accordingly moves to substitute the portion of the original for that of the amended notice dealing with one of the grounds of disapproval. This motion as well as the others made in the petitioner's brief to strike out portions of the answering papers are denied. Aside from the informality of the motions, the court believes it preferable to receive proof of all the facts.

The broad discretion enjoyed by an administrative body such as the State Liquor Authority rigidly confines the area within which judicial review can function. It is axiomatic that if the determination by the administrative agency upon a matter within its competence rests on substantial evidence, the courts must accept the determination as final. Unless the administrative finding is arbitrary or capricious, it is beyond the reach of judicial rebuke. This rule has often been applied in cases arising under the Alcoholic Beverage Control Law (*Matter of Glintenkamp* v. *O'Connell,* 271 App. Div. 795, affd. 296 N. Y. 806; *Matter of Roccaforte* v. *O'Connell,* 271 App. Div. 831, affd. 296 N. Y. 938; *Matter of Finn* v. *O'Connell,* 271 App. Div. 896, affd. 297 N. Y. 607). Nevertheless, the court is still under the duty to inquire whether a challenged determination does rest on substantial evidence. As was said in *54 Cafe & Restaurant, Inc.,* v. *O'Connell* (274 App. Div. 428, affd. 298 N. Y. 883): "they [courts] have by no means abdicated their judicial responsibility to review and pass upon administrative action claimed to be arbitrary and without foundation in fact or in law."

The question here is whether the refusal of a license to the petitioner rests on a rational basis. The answer must be found in the grounds stated by the authority itself in its amended notice of disapproval. These grounds are two-fold — one has to do with prior violations of the Alcoholic Beverage Control Law on the premises under the operation of former owners and cognate matters, and the other with the petitioner's financing of the business.

It is not disputed that the liquor license of the former operator was twice suspended and finally revoked on February 13, 1947, for serious infractions of law. The revocation order, pursuant to section 113 of the Alcoholic Beverage Control Law, included the direction that no new license was to be issued for the premises for a period of 24 months after the date of the revocation order. This period during which no new license was to be issued expired on February 13, 1949. The petitioner's present application was filed in November, 1949, some months later, when the ban of the revocation order had already spent its force. Section 113 of the Alcoholic Beverage Control Law, which authorizes the ban, provides: "Where a license for any premises licensed has been revoked, the liquor authority in its discretion may refuse to issue a license under this chapter, for a period of two years after such revocation,

for such licensed premises or for any part of the building containing such licensed premises and connected therewith.''

In my opinion, this section prescribes a maximum period during which the authority may refuse a license for the *premises* because of a prior revocation. Had the Legislature intended to give the authority the power to put a ban of unlimited duration on premises affected by a revocation it could have expressed its purpose in simple and direct language. Not having done so, I read section 113 as limiting the ban period to a maximum of two years. In so holding, I do not suggest that the authority may not, even after the lapse of two years, refuse a license for the premises to the former licensee or to one associated with him, or implicated in his misdeeds, or found otherwise undeserving. Nor does it follow from this holding that the authority must issue a license for the premises after the expiration of the ban to a person, even though not connected with the former licensee or a participant in his offenses, if the authority finds the premises themselves objectionable. The statute, however, forbids refusal of a license after the two years have gone by solely because of the prior revocation.

In this case, scrutiny compels the conclusion that the only ground of refusal is the prior revocation and the conditions which led to the revocation. There is no proof, nor indeed is it even charged, that the present petitioner had anything to do with the restaurant when it was run by the former licensee. Nor is it shown that the premises themselves by their nature or location necessarily lend themselves to violations of the Alcoholic Beverage Control Law. The contrary appears to be the fact, for the petitioner has been operating the restaurant for more than two years and not alone has he not run afoul of the law but the local authorities affirmatively indorse the orderly character of the establishment. The local board by its approval of the petitioner's application, by implication, at least, concurs in this indorsement. In the circumstances, I regard the disapproval, insofar as it is based on violations antedating the petitioner's operation of the enterprise, as an attempted extension of the two-year maximum prohibition prescribed by section 113 of the Alcoholic Beverage Control Law. Such extension is not permissible.

The notice of disapproval also mentions another situation closely bound up with the operation by the former licensee. After the revocation one Trougakos applied for a license, stating that he had bought the building and the restaurant

from the former licensee. Investigation revealed that in fact Trougakos held an interest while the former licensee was running the place and that the joint ownership was not disclosed to the authority. From this recital it may be inferred that Trougakos is as culpable as the former licensee.

Trougakos is still the owner of the building and the petitioner rents it from him under a lease running until April 30, 1953. There is no proof whatever that the relation between Trougakos and the petitioner is other than that of landlord and tenant. It is not charged that this relation is not honest and exactly what it appears to be. No claim is made that Trougakos has anything to do with or has any interest, financial or otherwise, in the petitioner's business. What is contended by the authority is that, simply because Trougakos owns the property, the petitioner, his tenant, though himself possessing a clean record and conducting the restaurant in a blameless manner, must be denied a license. In my opinion, such infliction on the petitioner of vicarious punishment for the offenses of Trougakos lacks rational basis. It is arbitrary and hence not to be countenanced.

An additional ground of disapproval assigned by the authority requires brief comment. The respondent pronounced the " financing of the business " not to be satisfactory, because the petitioner borrowed the $1,500 from his niece in December, 1946, while the revocation proceeding against the former licensee was pending, " whereas the applicant purports that he did not purchase the premises until almost five months after the loan". If implicit in the foregoing is the assertion of the petitioner's knowledge of the revocation proceeding or of his planning his purchase of the restaurant in contemplation of a threatened revocation — assuming this to be adequate reason for the denial of a license — it need merely be said that there is not a vestige of proof to support the assertion. At a hearing conducted by a deputy commissioner of the respondent on December 8, 1949, at which the petitioner was examined under oath, he was not even questioned on the subject.

The borrowing of the money several months before rather than contemporaneously with the acquisition of the restaurant reveals no impropriety whatever, and, so far as the respondent's rejection of the application rests on this ground, it has no basis in reason or experience.

The notice of disapproval concludes with a reference to the petitioner's buying out of the interests of his partners

at a loss to them. There is not the slightest intimation that either of the partners bought out complained of overreaching or other unfair conduct on the part of the petitioner. In the circumstances, the transaction appears to have no bearing whatever on the merits of the license application and neither the answering papers nor the authority's brief shows its relevance.

It follows that the disapproval of the petitioner's license application, not being founded on substantial evidence, must be annulled. In reaching this conclusion the court does not invade the domain of the authority's discretion or curtail the exercise of its judgment in effectuating the wholesome purpose underlying the Alcoholic Beverage Control Law. Were the determination of the authority in this case expressive of an administrative policy, the court would not thwart the carrying out of the policy. The determination here challenged is, however, not of that character. It disposes only of this case and rejects the application of this particular petitioner. The authority's action rests primarily on an unwarranted extension of the scope of section 113 . of the Alcoholic Beverage Control Law. The setting aside of an administrative determination in such a case cannot hamper the effective discharge by officials of the responsibilities committed to them. To hold officials to observance of the minimal standards laid down by law, far from undermining the administrative process, furthers its usefulness and inspires public confidence in its fairness.

The petitioner's motion is granted. Settle order.