Bert B. Lockwood, J.
Pursuant to a memorandum of the Appellate Division (Matter of Berkowitz v. Rohan, 7 A D 2d 703, modfg. 7 Misc 2d 693) the respondent has made a further determination dated April 6, 1959. The petitioner has moved for an order pursuant to article 78 of the Civil Practice Act to rescind, annul and reverse the said determination of the State Liquor Authority dated April 6, 1959 disapproving petitioner’s application for a restaurant liquor license.
*923 The petitioner contends that inasmuch as more than two years have expired since the last revocation of petitioner’s license, the respondent is forbidden to refuse to issue a license for the premises because of prior revocations. The petitioner contends the courts have so interpreted section 113 of the Alcoholic Beverage Control Law and contends that the present case falls within the law as stated in Matter of Weekes v. O’Connell (283 App. Div. 1072).
The respondent on the other hand contends that the determination as to whether a license should or should not be issued is solely within the discretion of the respondent pursuant to section 17 of the Alcoholic Beverage Control Law. Respondenl further claims that its determination of April 6,1959 is in accordance with the heretofore-mentioned memorandum of the Appellate Division and sets forth the specific basis for the Authority’s determination and that said determination should not be disturbed as it is not arbitrary, capricious or unreasonable.
“The broad discretion enjoyed by an administrative body such as the State Liquor Authority rigidly confines the area within which judicial review can function. It is axiomatic that if the determination by the administrative agency upon a matter within its competence rests on substantial evidence, the courts must accept the determination as final. Unless the administrative finding is arbitrary or capricious, it is beyond the reach of judicial rebuke. This rule has often been applied in cases arising under the Alcoholic Beverage Control Law.’’ (Matter of Rossi v. O’Connell, 197 Misc. 718, 721, affd. 277 App. Div. 857.) The question here is whether the refusal of a license to the petitioner rests on a rational basis. A reading of the notice of disapproval recites the fact that the Authority’s records establish that the petitioner is not a fit and proper person to be licensed and that the issuance of the license sought would create a high degree of risk and hazard in the administration and enforcement of the Alcoholic Beverage Control Law by reason of the adverse record of operation of the premises sought to be licensed while under the operation and control of the petitioner in that two licenses previously issued to the petitioner for the identical premises herein involved have been cancelled by the Authority. The notice of disapproval further sets forth that their records indicate the petitioner was advised in a personal interview on January 11,1939, that he must have his books and records on the licensed premises at all times so they might be available for inspection and that he must permit an inspection of the entire premises and books and records by the proper authorities. That one license granted petitioner was cancelled in September, 1944 *924 because of the sale of alcoholic beverages to an intoxicated person and for ceasing to conduct a bona fide restaurant on the premises. Respondent’s records further showed that another license was issued to the petitioner on December 15, 1944 following a personal interview with the petitioner on December 15, 1944 during which time the petitioner gave assurances to the respondent that there would be no repetition of the conditions which culminated in the cancellation of his previous license. The records further indicate that the petitioner, in a personal interview, was further warned on January 19, 1953 that his license might not be renewed unless he increased his food sales and kept proper books and records and kept the licensed premises in a satisfactory condition. On September 9, 1953 said license was cancelled for the reason the petitioner had ceased to conduct a bona fide restaurant on the premises. The said notice further shows that on February 17,1954 a third application for a license for the same premises was disapproved by the respondent for the reasons that the premises were not operated as a bona fide restaurant; that access from the premises to other parts of the building was contrary to the provisions of the Alcoholic Beverage Control Law; that the physical layout of the premises was unsatisfactory, and that the Authority had no reasonable assurance that the applicant did in fact operate a bona fide restaurant. (No article 78 proceeding was instituted following the disapproval of petitioner’s third application.) The notice of disapproval concludes with the following statement:
1 £ Under all the facts and circumstances it is the finding and determination of the Authority that in view of the prior record of adverse operation by applicant of these premises resulting in the cancellation of licenses issued to this applicant' for .these premises, it would not be conducive to the proper regulation and control of the traffic in alcoholic beverages to approve this application and public convenience and advantage would not be served by such approval. The application is disapproved.”
It clearly appears the respondent’s determination was based upon its finding that the petitioner is not a fit and proper person to be licensed. There is nothing to indicate the action of the Authority was arbitrary, capricious or unreasonable.
The petitioner’s memorandum of law contains this statement: £ £ If petitioner is not entitled to a license now, when it is admitted that since the Herkimer County ABC Board’s investigation in 1955 he was and still is operating a bona fide restaurant and that there is no objection to the premises, when will the petitioner be entitled to a license? ” It would appear the petitioner feels he has some vested right to a license. “ No individual has an *925 inalienable or inherent right to sell intoxicants in such a sense as to exempt him from legislative control. We have not before us a case where vested rights are being taken from one who is protected by the due process clause of the Constitution. The State may step in at any time, and prohibit the sale of intoxicants at any place or by any person, provided such action is taken pursuant to statute, and is not arbitrary or capricious, no matter how long the business has been carried on, or how serious a loss may result from such prohibition.” (Matter of Yates v. Mulrooney, 245 App. Div. 146, 148.)
It clearly appears the petitioner herein has had two previous licenses which have been revoked and that he has been warned on other occasions. Based on his past record, respondent has found that he is not a fit and proper person to be licensed. It is clearly within the discretionary powers of the Authority to determine whether or not a person is fit and proper to be licensed.
The two-year limitation provided for in section 113 of the Alcoholic Beverage Control Law clearly applies only to the premises. In the present case the petitioner is the former licensee in possession of the same premises at the time of both prior revocations. In the case of Matter of Rossi v. O’Connell (197 Misc. 718, affd. 277 App. Div. 857, supra) the license of the former operator of said premises was twice suspended but the applicant who petitioned for a license after the two-year period was in no way connected with the former operator of the premises. This court has also considered the decision in Matter of Weekes v. O’Connell (283 App. Div. 1072, 1073, supra,) upon which case the petitioner relies heavily, in which the court states, £ £ In our opinion, the two-year penalty authorized by section 113 of the Alcoholic Beverage Control Law solely against the premises may not exceed two years, whether or not the present applicant is the former licensee, where the sole ground of objection to the premises is the prior revocation.” This case is distinguishable from the present case as it clearly limits the objection as follows: ££ Where the sole ground of the objection to the premises is the prior revocation.” In the present case the respondent’s determination is based upon the fact the petitioner is not a fit and proper person to he licensed.
The motion of the petitioner is, therefore, denied.
Ordered accordingly.