■   In the Matter of LEO WALKER INC., Respondent, v. STATE LIQUOR AUTHORITY, Appellant.—

Hopkins, Acting P. J., Latham, Shapiro and Christ, JJ., concur; Munder, J., dissents and votes to affirm the judgment, with the following memorandum: I cannot agree that appellant's determination was based on substantial evidence. There is nothing in the record indicating any connection whatever between the former licensee and petitioner. There is no basis, therefore, for citing the adverse history and poor reputation of the subject premises as reason for denying *this* petitioner's application (see *Matter of Matty's Rest.* v. *New York State Liq. Auth.*, 21 A D 2d 818, affd. 15 N Y 2d 659). The prior disorders can be traced to lack of firm control rather than the location of the premises or nature of the clientele. In other words, what is needed here is stability and hard work and petitioner's president appears well qualified in both respects. He has roots in the community. He owns property there and has lived in the same residence and worked steadily for the same employer since 1958. He has indicated he will resign his present employment to devote full time to the business. His character and integrity and associations appear beyond reproach. Apparently, the local authorities thought so because the Rockland County ABC Board recommended that the application be approved (so did two members of the appellant Authority). Appellant cited petitioner's president's lack of experience in the tavern business but this same objection no doubt can be raised against most first-time applicants. Obviously, petitioner can hire persons with experience. Appellant also noted that petitioner's president had "inadequate" financial resources and that he had failed to furnish a satisfactory plan of management and operation. I agree with Special Term (and apparently with the local board) that petitioner's financing and proposed plan of management were more than adequate in this particular case. Appellant offered no explanation as to how these items were deficient and, in my opinion, its statement to that effect was merely a conclusory reason unsupported by factual considerations. In short, while acknowledging the general broad discretion of appellant in licensing matters, I feel that in this particular case that discretion was abused (see *Matter of Rossi* v. *O'Connell*, 197 Misc. 718, affd. 277 App. Div. 857; *Matter of Santini Rests.* v. *State Liq. Auth.*, 32 A D 2d 514; *Matter of Sled Hill Cafe* v. *Hostetter*, 22 N Y 2d 607).